People v Somers (2020 NY Slip Op 04707)





People v Somers


2020 NY Slip Op 04707


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


630.1 KA 18-01962

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DESHAUN SOMERS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered October 2, 2017. The judgment convicted defendant upon a plea of guilty of manslaughter in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals, in appeal No. 1, from a judgment convicting him upon his plea of guilty of manslaughter in the second degree (Penal Law § 125.15 [1]). In appeal No. 2, he appeals from a judgment, also entered upon a plea of guilty, convicting him of aggravated harassment of an employee by an inmate (§ 240.32). Defendant contends in both appeals that he did not validly waive his right to appeal, and that the sentences are unduly harsh and severe. We agree with defendant that he did not validly waive his right to appeal. Because County Court provided defendant with erroneous information about the scope of the waiver of the right to appeal, including characterizing that waiver as an absolute bar to the taking of an appeal, we conclude that the colloquy was insufficient to ensure that the waiver was voluntary, knowing, and intelligent (see People v Thomas, 34 NY3d 545, 560-564 [2019], cert denied — US — [Mar. 30, 2020]). The better practice is for the court to use the Model Colloquy, "which neatly synthesizes . . . the governing principles' " (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting Thomas, 34 NY3d at 567; see NY Model Colloquies, Waiver of Right to Appeal). Nevertheless, we conclude that the sentences are not unduly harsh or severe.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court